GEORGE C. BELT, Appellant, *v.* PETER MEHEN, Respondent.

Where in the settlement of a partnership, a mistake occurs, and both parties were ignorant, or had equal knowledge of, or equal opportunities of knowing the mistake, and there has been no fraud or concealment, equity will not correct the mistake.

APPEAL from the Fifth Judicial District, Tuolumne County.

Belt sued Mehen, to correct an alleged fraud and mistake in the settlement of a partnership between the parties, which had been dissolved by mutual agreement of the parties, sealed and acknowledged, some three months before the suit was commenced. The answer denied the complaint: and by consent of parties, the cause was tried by the Court, without a jury. The Court found for the defendant, and dismissed the complaint. The defendant appealed. The facts sufficiently appear in the opinion of the Court.

*J. K. Irving*, for the appellant, cited 2 Kent, 491; Story's Eq., tit. Mistake; 1 Johns. Ch. 252; 3 Ib. 360.

*Thomas* and *Morse*, for the respondent, cited Story's Eq., sects. 146–9; 26 Wend. 169.

Chief Justice MURRAY delivered the opinion of the Court. Previous to the commencement of this action, the plaintiff and defendant, who had been partners in mercantile business, by articles of agreement, dissolved the partnership, adjusted the debts, and distributed the assets of the firm. After the dissolution, the plaintiff brought his action in the Court below to recover the sum of $5,273.50, which sum he alleged had been fraudulently and falsely entered in the books of the firm to the credit of the defendant, and charged to the plaintiff, and was allowed by him through ignorance and mistake, in the settlement of the partnership accounts. The Court below, sitting as a jury, found the fact of mistake, but that there was no evidence of fraud; and rendered a judgment for the defendant.

It appears from the opinion of the Court, as well as from the testimony, that the defendant was an illiterate man, unable to

write, and that all the entries were consequently made by his clerk. The books were kept in an irregular manner, and the plaintiff, who was a good business man, had access to, and was in the habit of inspecting them. Mistake or ignorance of fact is said to be the proper subject for relief when the fact "constitutes a material ingredient in the contract of the parties, and disappoints their intention by mutual error, or where it is inconsistent with good faith. But where each party is innocent, and there is no concealment of facts which the other party ought or has a right to know, and no surprise or imposition exists, the mistake, whether mutual or unilateral, is treated as laying no foundation for equitable interference, and is strictly *damnum absque injuria.*" It does not appear from the record upon what particular basis the partnership was dissolved and the assets distributed: so that we are left to speculate whether this particular item entered into the contract as a material inducement. For aught that appears, it may have been known and acted upon. It is likewise a principle, that where the fact and the source of information are equally open to both, each party is bound to avail himself of such information; and where the fact is unknown to both, and the parties have had equal means of information, if they have acted in good faith, equity will not interfere. It does not appear that the defendant knew of the entry. In fact, the judgment of the Court finding there was no fraud, negatives any presumption of such knowledge or concealment of it upon his part. The mistake, if it was material, might have been corrected by a reference to the books; and it would not be unfair, from the relation of the parties, to presume that it was immaterial, or known to the plaintiff. We are of opinion there is not sufficient cause shown for reviving this claim, and disturbing the written agreement of the parties, as the mistake doubtless arose from the ignorance of the defendant, and the *laches* of the plaintiff.

Judgment affirmed, with costs.