FARWELL <i>v.</i> TYLER.

|  |  |
|---|---|
| 5 | 535 |
| 106 | 392 |
| 5 | 535 |
| e121 | 499 |

Where proper evidence is offered under a plea of set-off, to which no bill of particulars, or copy of the cause of action, is attached, such evidence should not be excluded from the jury, because of the want of such bill of particulars. WRIGHT, C. J., *dissenting*.

Where no copy of the cause of action is attached to a plea of set-off, the opposite party should demur to the plea, for that reason; and the absence of such copy, cannot be made the ground for the exclusion of evidence under such plea.

Where upon a dissolution of partnership, one member of the firm executes to another member, a promissory note for the amount found to be due him on settlement, and subsequently pays a debt of the firm not included in the settlement, in a suit on the note, the payer may plead as a set-off, the payment of such partnership debt, and require the other partner to contribute his proportion of the amount thus paid; and in order to recover, it is not necessary that the defendant should prove an agreement by the retiring partner, to contribute to the payment of such debt.

Where evidence, however slight, tends to prove the issue between the parties, it should be allowed to go to the jury; and it is error to exclude it.

Where in an action on a promissory note in the name of the payee, the defendant admitted the execution of the note, but denied the

Farwell v. Tyler.

indebtedness, and that the note was property of the plaintiff; and alleged that one M. C. F. and the defendant had been partners; that the said note was given for an amount found due said M. C. F. on settlement, when the said firm was dissolved; that it was made payable to the plaintiff, at the request of the said M. C. F., so that the same could not be taken by the creditors of the said M. C. F.; that the note had never been delivered to the said plaintiff; that he is a fictitious person; that the said M. C. F. is still the owner of said note, and the real party in interest; that at the time the said note was executed, it was agreed between the said M. C. F. and the defendant, that if it should be afterwards discovered that any mistake had occurred in said settlement, the same should be corrected; that defendant was to pay any debts of the firm which were not included in said settlement, for which he was to have credit on said note; and that in pursuance of this agreement, he had paid $175.00, which he claimed as a set-off against the note, to which plea, no bill of particulars, showing to whom, or on what account, the said sum was paid, was attached, and which plea was denied by the plaintiff; and where on the trial, the defendant offered R. S. F. as a witness, who testified that he was present and assisted in said settlement; that the note was made payable to the plaintiff, at the request of said M. C. F., for reasons by him then stated, but whether it was because the said M. C. F. was owing the said plaintiff, or because he expected to sell the note to the said plaintiff, and thus raise money on the same, he could not be positive; that witness thought that M. C. F. stated at the time, that he had formerly been a member of the firm of M. & F.—that before retiring therefrom, he had paid his share of the debts of the firm—that he had since received letters from some of their creditors, stating that certain debts were unpaid—and he did not wish to have to pay them a second time; and that it was agreed between defendant and the said M. C. F., that all mistakes in their settlement should be corrected, when discovered; and where the defendant offered V. as a witness, to prove, that since the execution of said note, the defendant had paid a debt of the firm, not included in the settlement, to which evidence the plaintiff objected, which objection was sustained, and the testimony excluded from the jury; and where the court, on motion of the plaintiff, ruled from the jury, the testimony of R. S. F.; *Held,* That the court erred in excluding the testimony of V., and ruling that of R. S. F. from the jury.

Where in an action on a promissory note in the name of the payee, it appears that a third person is beneficially interested in the debt, the defendant may be let in with any defence he may have against the third person so beneficially interested, although the suit is brought in the name of the person having the legal title to the note.

*Appeal from the Johnson District Court.*

FRIDAY, APRIL 9.

Plaintiff claims upon a promissory note, dated January 18, 1856, and due January 1, 1857. Defendant answers, denying the indebtedness as claimed—admits that he executed the promissory note declared on, but denies that it is the property of plaintiff. He further sets up, that said defendant and one M. C. Farwell had been partners, and that this note was given for an amount found due said M. C. on settlement, when the said firm was dissolved; that it was made payable to the plaintiff, D. C. Farwell, at the request of said M. C. F., so that the same could not be taken by the creditors of the said M. C.; that the note had never been delivered to said plaintiff; that he is a fictitious person, and that said M. C. is still the owner of the note, and the real party in interest. It is further averred, that at the time said note was given, it was understood and agreed between the said M. C. and defendant, that if it should be afterwards discovered that any mistake had occurred in said settlement, the same should be corrected; that it was also understood, that defendant was to pay any debts of the firm, which were not included in said settlement, for which he was to have credit on the note; and that, in pursuance of this agreement, he had paid one hundred and seventy-five dollars. The defendant then offers and claims to off-set against said note, the said several sums. No bill of particulars accompanies the answer. Plaintiff replies, denying specifically all the affirmative matter contained in the answer.

On the trial, the defendant introduced one Finkbine, who testified, that he was present and assisted in said settlement; that the note was made payable to the plaintiff herein, at the request of said M. C., for reasons by him then stated; but whether it was because the said M. C. was owing the said D. C., or because he expected to sell the note to said D. C., and thus raise money on the same,

witness was not positive. Witness also thought that said M. C. stated at the time, that he had formerly been a member of the firm of Millington & Farwell; that before retiring therefrom, he had paid his share of the debts of the firm; that he had since received letters from some of their creditors, stating that certain debts were unpaid, and that he did not wish to have to pay them the second time. He also testified, that it was agreed between defendant and said M. C., that all mistakes in their settlement, should be corrected when discovered.

Defendant then offered to prove by one Vogt, that he had, subsequent to said settlement, paid him a debt owing by the firm, and that the same had not been included in said settlement, to which plaintiff objected, and the objection was sustained. Defendant rested his case upon this testimony, and none other; and plaintiff moved to rule from the jury, the testimony of said Finkbine, which motion, was sustained. Judgment for plaintiff, and defendant appeals.

*Wm. E. Miller*, for the appellant.

*Clarke & Henley*, for the appellee.

WRIGHT, C. J.—The errors assigned are:

*First.* In excluding the testimony of the witness, Vogt.

*Second.* In taking from the jury, the testimony of Finkbine.

It is objected, that the testimony of Vogt was inadmissible, because there was no proof made, or offered to be made, that Farwell agreed, at the time of the settlement, that the defendant might or should pay the debts still owing by the firm, as averred in the answer. We think, however, that such averment and proof were unnecessary, to admit the evidence offered. As one of the firm of Farwell & Tyler, defendant was bound equally with his partner, Farwell, to pay the debt, without any agreement to that effect at the time of the settlement. Being thus

bound, he had a right to settle with and discharge the debt owing by the firm to Vogt, and to require the other partner to contribute his proper proportion of the amount thus paid. It was a duty which the law imposed upon him, and it needed no agreement between them, to authorize him to do it. Having done so, he would have a right to off-set the amount thereof. which Farwell should contribute, against the note; and the testimony showing the payment should have been admitted, unless the other objections urged by appellee are tenable.

And next it is urged, that the testimony was properly excluded, because no bill of particulars accompanies the answer. The writer of this opinion, thinks this objection well taken. A majority of the court, however, are of the opinion, that the objection was urged at too late a stage in the case. The argument is, that at common law, a bill of particulars was not required, but that, under the general averments in the petition, or answer, a party was let in to his proof of specific items; that the Code has so far changed this rule, as to require a bill of particulars to be annexed, and provided as a penalty for such failure, that the opposite party may demur for such defect; and that, if the objection is not taken by demurrer, it cannot be urged when proof is offered to sustain the petition or answer. While I am willing to admit, that this construction may have a tendency to prevent delay and surprise in the trial of causes, and may receive some considerable support from the language of the section relied upon, and other provisions of the Code, yet I cannot believe that a party may not object for the same cause, on the trial. I think the statute was merely designed to give a party the right to demur for a cause, not known to the common law, but was not designed to confine him alone to his demurrer. He may demur, or take the objection at the trial. If made by demurrer, or at the trial, I would not be understood as depriving the opposite party of his right to amend. But if the objection is made, and no leave to amend is asked, I think the testimony should be excluded.

A majority of the court think otherwise, however, and this position of the appellee, is therefore overruled.

It is urged, however, that the note was made payable to D. C. Farwell; that the note was in his name; that there was nothing to show that M. C. Farwell had any interest in the suit; and that, therefore, the testimony of Vogt was properly excluded; and this involves the question, whether the testimony of Finkbine was properly withdrawn from the jury, and whether the suit was properly brought in the name of D. C. Farwell.

Civil actions are to be brought in the name of the real party in interest, but this is a rule of practice, and is in no wise to affect substantial rights. Code, sections 1676, 1677. In this case, *prima facie*, the plaintiff is the real party in interest, for he relies upon, and introduces as evidence, a note made payable to himself. The note being thus payable, not being negotiable by delivery, nor assigned, M. C. Farwell could not sue upon it in his own name. If we should grant, therefore, that M. C. Farwell owned the note, and not the plaintiff, we still think the suit was properly brought. But if M. C. Farwell is the party beneficially interested in the debt, the defendant, if he can show this fact, may be let in to any defence he may have against him, though the suit is brought in the name of the person having the legal interest in the note. And, therefore, while the action may have been properly brought in the name of the payee, yet if M. C. Farwell is the real party in interest, we think it may be shown, and the defendant permitted to prove his off-set, or defence, against the beneficial party.

Entertaining this view, we think that Finkbine's testimony was improperly withdrawn from the jury. It may have been slight indeed, and had but little tendency to prove what is claimed by defendant, but of this the jury should have been permitted to judge. We cannot say that by giving it every reasonable intendment in favor of the position assumed by defendant, the jury might not have found M. C. Farwell the real party in interest. If the testimony of Vogt and Finkbine had been received

and considered by the jury, they may have found that defendant was entitled to a deduction upon the note. Of this, it was their province to judge, under the law to be given them by the court.

Judgment reversed.