## McDonald v. Gray.

1. SUBSCRIPTION. Action upon a subscription whereby the defendant
agreed to pay to the plaintiff, who was described in the subscription
as the treasurer of an un-incorporated association, a sum named, for
the purpose of aiding in the erection of a church edifice for such
association, *Held,*

   1. That as the association was not a corporation, the words in
the subscription describing him as treasurer thereof should be
treated as surplusage, and he could maintain an action in his own
name.

   2. That the erection of the church edifice by the plaintiff, was a
sufficient consideration to authorize a recovery.

*Appeal from Keokuk District Court.*

MONDAY, APRIL 15.

*Sampson & Harned,* for the appellant.

*Patterson & Scofield,* for the appellee contended, 1. That
the plaintiff having the legal title to the subscription sued
on was the real party in interest; *The State of Iowa* v.
*Butterworth,* 2 Iowa 158; *Farwell* v. *Tyler,* 5 Ib. 540; *Fear*
v. *Jones,* 6 Ib. 170. 2. That the principle is well settled
that loss or disadvantage to the promisee reasonably relying
upon the promise is as good a consideration as benefit or
advantage to the promissor; 1 Par. Cont. 358; *Amherst*

*Academy* v. *Cowles*, 6 Pick. 427; *Barns* v. *Perine*, 1 Ker. 25; *Blake* v. *Blake*, 7 Iowa 46; *Towsley* v. *Olds*, 6 Ib. 527; *Homer* v. *David*, 12 Mass. 170.

BALDWIN, J.—This suit is upon a subscription signed by the defendant and others, by which they agree to. pay to the plaintiff, George McDonald, Treasurer of the congregation of Liberty, the several sums subscribed for the. purpose of erecting a church edifice for said congregation. It appears that the congregation for which the building was proposed to be built was an unincorporated association; that it had no such legal existence as would enable it to sue or be sued.

The plaintiff, in his pleadings, claims that upon the strength of the subscriptions by defendant and others, the church was erected; and that in building the same certain debts were incurred, for which he became personally responsible.

The questions upon which the appellant claims that the court erred in its rulings arise upon certain instructions that were given and others that were refused. The instructions asked by defendant appear to have been based upon an erroneous construction of the contract or subscription signed by him. It is assumed that the agreement was to pay the association and not the plaintiff; and that plaintiff is not the real party in interest, and could not therefore bring this suit in his own name. If this position was correct, the the instructions asked might have been applicable. But we think this not a proper construction of the agreement. The defendant promised to pay to the plaintiff, as treasurer, a specified sum for a certain purpose. The words " as treasurer " &c., the association having no corporate existence, may be regarded merely as surplusage. The subscription may also be regarded as an executory contract with plaintiff; a proposition to him to erect the church building, and a promise upon the part of the subscribers to pay their subscriptions upon a compliance by him, with the conditions of the same.

The court instructed the jury that the plaintiff could recover, if, in pursuance of the terms of the subscription,

he had commenced the erection of a building as contemplated, and materials had been furnished, and labor expended thereon. Also that the subscription having been made payable to him, he could recover in his own name. We are unable tò perceive the error complained of in this instruction. It appears from the pleadings and evidence that the building was erected; and the subscription was virtually an agreement to pay for such building. The plaintiff had the legal interest in the agreement, and the suit was properly brought in his name. *Farwell* v. *Tyler*, 5 Iowa 540; *Fear* v. *Jones*, 6 Ib. 170.

It is further claimed that there was no consideration for the promise made by defendant. We hold that the agreement upon its face shows a sufficient consideration. It is also averred by the plaintiff that the building was to be erected upon the land of defendant; and that it was also upon this consideration defendant agreed to pay the amount of his subscription. Upon this allegation there was an issue, and evidence introduced, and the jury found for the plaintiff. With that finding we will not interfere.

Nor do we consider that the plaintiff was required to make a demand of the defendant before the bringing of this action. Such demand however was alleged in the pleadings, and evidence introduced tending to show that it was made. Upon this point also, the finding of the jury was for the plaintiff; and we see no reason to justify us in disturbing the verdict.

Judgment affirmed.