## PETERSON v. ALLEN.

1. SPECIFIC ALLEGATION. Action upon an account, one item of which is as follows: "To note taken up by L. F. P., $300,00." The defendant

answered, admitting the execution of such a note, but alleging that it had been paid, and that another suit was pending thereon; but on the trial objected to the admission of the note in evidence, on the ground that no copy was set out in the petition. It was held, that the court did not err in admitting the note.

*Appeal from Keokuk District Court.*

WEDNESDAY, DECEMBER 4.

THE facts are stated in the opinion of the court:

*Casey & Mackey*, for the appellant.

*G. D. Woodin* for the appellee. A promissory note could be introduced and admitted as evidence under the common counts, at common law, *Buford & Co.* v. *Funk*, 4 G. Greene 493; *Eyser* v. *Weissgerber* 2 Iowa 263; *Feeher* v. *Geeseeker*, 6 Ib. 472. The defendant by his answer waived his defense on the ground of the existence of another suit on the note. *Starr & Wilson* v. *Burgess*, Morris 438; *Laumer* v. *Jones & Co.* 1 G. Greene 185.

BALDWIN J.—The claim of plaintiff is upon an account, one item of which is as follows: "To note taken up by L. F. P. 300.00." The defendant answered, admitting the execution of such a note, and that it was in the possession of plaintiff, but claimed that the account sued upon had been fully settled, and the note paid, and called upon the plaintiff to reply thereto. It is also alleged that there was another suit pending between the plaintiff and defendent, on said note. Upon the trial, the plaintiff introduced in evidence a note corresponding in date and amount to the one charged in the account, to the introduction of which the defendant objected, claiming that there was no sufficient copy attached to plaintiff's petition. The admission of the note in evidence is the principal error assigned.

The object of the provision of the code requiring copies of notes or instruments of writing sued upon to be attached

to the petition, is to advise the opposite party fully of the plaintiff's claim, and to prevent surprise at the time of the trial.

If the action is founded upon a written contract and no copy thereof is given, the party sued may demur; or as in this case where the account is not sufficiently explicit, a more specific statement could have been required.

It appears however from defendant's answer that he fully understood the nature and character of this item of account as the note is fully referred to in defendants's answer, and claimed to have been paid; and also another suit pending thereon. See *Farwell* v. *Tyler*, 5 Iowa 535. The appellant fails to make apparent any such error, as in any manner prejudiced his rights.

Judgment affirmed.