## JAMES DART AND OTHERS *v.* WALKER AND McKINLEY.

The plaintiffs and the defendants purchased jointly certain real estate, which they subsequently conveyed to a petroleum company, receiving in payment shares of the company's stock, which were distributed among the parties proportionately to their several interests in the land: *Held,* that there was not such a mutuality of interest between the parties, as to make applicable the rule which precludes one partner from suing another, and therefore, that the plaintiffs could maintain an action against the defendants to recover damages for fraud practiced on them in the purchase of the land.

In an action for fraud and deceit, consummated by the cooperation of two or more, the acts, statements, or declarations of the confederates, or of any one of them, are admissible in evidence, when they form part of the *res gestæ,*—that is, when they were made or done during the pendency of the criminal enterprise, and in furtherance of its object; but if made afterwards, and are in effect simply an account of a past transaction, they are not admissible: *Held,* however, that the admission of one of the confederates, though made after the consummation of the fraud, is admissible as against himself, and is sufficient to charge him.

APPEAL by the defendants from a judgment entered on the report of a referee.

The facts sufficiently appear in the opinion of the court.

*Eldridge & Johnson,* for appellants.

*Starr & Ruggles,* for respondents.

BY THE COURT.—DALY, F. J.—This case will have to go back to the referee. It is claimed on the part of the appellants, that the only evidence of what the property actually cost was the statement which Robbins made to one of the plaintiffs, after the fraud had been consummated, and when his relations to the defendants as agent had ceased, and what occurred at the interview between Dart and Walker, in which Dart declared that he had discovered that only $36,000 had been paid for the property, a fact which Walker may be regarded as virtually admitting. If there was ony other evidence of this fact, the plaintiffs' counsel has not called our attention to it,

and in our own inspection of this voluminous case, we have been unable to find any.

The action was for fraud and deceit, consummated by the cooperation of the defendants, and by Robbins, who acted in the transaction as their agent. In such an action, the admission of the defendant Walker, after the consummation of the fraud, would be sufficient to charge him ; but not the defendant McKinney. The acts, statements, or declaration of the confederates, or of any one of them, are admissible, when they form part of the *res gestæ;* that is, when they were made or done during the pendency of the criminal enterprise, and in furtherance of its objects ; but if made afterwards, and are in effect simply an account of a past occurrence, they are not admissible (1 Greenleaf's Evidence, § 111). Whether Robbins is to be regarded as the defendants' agent, or a confederate, or both, declarations could not be given in evidence made by him some time after the fraud was consummated, and after his agency in the matter must be regarded as having terminated.

This was a material fact, and could not be established as against McKinney by showing the admissions or statements of Walker or Robbins after the fraud had been consummated, and the relations of the latter as an agent were at an end.

We regret that this case will have to be sent back for this error, as otherwise we should have no hesitation in affirming the judgment. The facts set up in the complaint were sufficient to entitle the plaintiffs to recover ; or if it was defective in not averring that Robbins cooperated with the defendant in the fraud, we could amend the complaint, in furtherance of justice, by conforming the pleading to the proof. The findings of the referee upon the questions of fact, the testimony being conflicting, would be conclusive and sufficient to establish the agency of Robbins, or his cooperation with the defendants in the fraud, and assuming that the land cost but $36,000, the case is a very plain and palpable one of fraud ; in which the plaintiffs would be entitled to recover from the defendants what would be sufficient to indemnify them for the injury they have sustained. As the leases and deeds were transferred to the companies, there was nothing for the plaintiffs to return to the

defendants ; and if, as the referee has found, the stock of these companies has no market value, nor the conveyances, no petroleum having been found upon the land, then the amount which the referee has found would be no more than sufficient for the plaintiffs' indemnity.

The transaction is not what is commonly understood as a partnership. It was a joint purchase of property, made for the purpose of transferring it to a company or incorporation, organized for the production and sale of petroleum. When the land was conveyed to the company, the joint interest of the plaintiffs and the defendants in it was at an end. It became the property of the incorporation, and the relations of the parties changed into that of stockholders, in which there was no mutuality of interest, each having his own shares separately. The rule, therefore, which precludes one partner from bringing an action against another has no application to such a case, and there is nothing in it to prevent the plaintiffs from bringing an action against the defendants to recover damages for the fraud that has been practiced upon them.

Nor does the fact that the property was transferred to the company for a greater sum than the plaintiffs had paid for it prevent the plaintiffs from bringing this action. They were under no obligation to transfer or sell it to the company for the sum which they had paid for it ; and it is a very different case from a party prosecuting for the violation of a trade mark, when the trade mark is itself a fraud, to which the appellant has called our attention.

The judgment must be reversed and the report set aside, unless the plaintiffs elect in writing, in twenty days, to take a judgment against Walker alone, in which case the judgment is affirmed as against him.

Judgment accordingly.