## C. C. CLOUCH v. SAMUEL MOYER.

PARTNERS; *Settlement; Mutual Mistake; Facts Showing a Cause of Action.*
Where two partners, C. & M., being equal partners, sharing in the profits and losses equally, have a final settlement of their partnership affairs, and through a mutual mistake as to the honesty and solvency of a certain firm having funds in its hands belonging to the partnership, which sum this firm was to use in paying a certain debt, for which M. (and possibly the partnership) was liable, the partners settled upon the basis that said firm was honest and solvent, and that said debt had been paid, while in fact the debt had not been paid, and the firm was insolvent, and had converted said funds to its own use, and after the real facts are ascertained C. refuses to make any change in said settlement, or to pay M. anything, and then M. extinguishes said debt by giving his own promissory note with security therefor, which promissory note is received in full payment, and satisfaction of said debt, and M. then commences an action against C. to recover an amount equal to one-half of the funds so converted, *held*, that M. may maintain the action.

*Error from Doniphan District Court.*

AT the March Term, 1879, of the district court, *Moyer*, as plaintiff, had judgment against *Clouch*, as defendant, who brings the case to this court.   The nature of the action, and the facts, sufficiently appear in the opinion.

*Albert Perry*, for plaintiff in error.

*W. W. Guthrie*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The two principal questions involved in this case are as follows:

1. Does the evidence sustain the report and findings of the referee who tried the case in the court below?

2. Upon the facts as alleged and found, can the present action be maintained?

Both of these questions must be answered in the affirmative. As to the first question, we would cite the following authorities: *Walker v. Eagle Works Manuf. Co.*, 8 Kas. 397; *Ruth v. Ford*, 9 Kas. 17.   This is sufficient for the first question; but probably we should give to the second question a more extended consideration.   That question, stated briefly, is as follows:

Where two partners, C. and M., being equal partners, sharing in the profits and losses equally, have a final settlement of their partnership affairs, and through a mutual mistake as to the honesty and solvency of a certain firm having funds in its hands belonging to the partnership, which funds it was to use in paying a certain debt for which M. (and possibly the partnership) was liable, the partners settled upon the basis that said firm was honest and solvent, and that said debt had been paid, while in fact the debt had not been paid, and the firm was insolvent and had converted said funds to its own use, then can M., after the real facts are ascertained, and after C. refuses to make any change in said settlement, or to pay M. anything, and after M. has extinguished said debt by giving

his own promissory note, with security therefor (which is received in full payment and satisfaction of said debt), maintain an action against C. to recover an amount equal to one-half the funds so converted? We think such action can be maintained. Upon this question, the plaintiff in error (defendant below) refers to the following authorities: *Belt v. Mehen,* 2 Cal. 159; 1 Story Eq. Jur., § 141, and §§ 148 to 151. The defendant in error (plaintiff below) does not refer to anything.

The facts of the case, so far as it is necessary to state them for a full consideration of this question, are as follows: Clouch and Moyer, who resided in Doniphan county, Kansas, were partners in the business of purchasing, transporting and selling neat cattle and hogs. Each purchased separately, and generally with his own money, but after purchasing they put their stock together, and shipped it to Chicago for sale. They always put their stock into the hands of Denny & Redman, commission merchants of Chicago, for sale; and when the stock was sold, and the funds placed at the disposal of the partners, the partners would first reimburse themselves for the money they had each expended, (provided there was enough for that purpose,) and then divide equally the profits and losses. The particular transactions, out of which the present cause of action arose, were as follows: Clouch and Moyer both furnished hogs for the Chicago market. Moyer, however, furnished the most of them. Moyer, in order to enable himself to purchase and pay for these hogs which he furnished, borrowed $1,115 of J. P. Johnson, a banker of Doniphan county, Kansas, giving his own note therefor, to secure Johnson, and agreed to ship the hogs in Johnson's name. Partnership property had previously been shipped in that manner. These hogs were shipped in the name of Johnson, to Denny & Redman, who were to sell them, and then send the funds arising therefrom to Donnell, Lawson & Co., bankers of New York city, to be there placed to the credit of Johnson; and when this was done, said note was to be considered as paid. Denny & Redman sold said stock, and then informed Johnson, and Johnson, Moyer, and

Moyer, Clouch; and Clouch and Moyer then had a final settlement of their partnership affairs. Clouch and Moyer, supposing that Denny & Redman were honest and perfectly solvent, and that Denny & Redman had applied the funds arising from said sale as they had been directed to do, and therefore that said note from Moyer to Johnson had been paid, settled upon this basis. But Denny & Redman were in fact insolvent, and they had wickedly and unlawfully converted said funds to their own use, and had just previously to the settlement suspended business. After the parties had ascertained these facts, Moyer desired to change their settlement, but Clouch refused, and refused to pay Moyer anything. Moyer then gave a new note to Johnson, with a chattel mortgage as security, and Johnson accepted the same as full payment and satisfaction of the original debt, and delivered up to Moyer the original note. Under the findings of the referee we must consider that the whole venture, including the purchasing, shipping, selling, etc., was a partnership transaction, and that no part thereof was the individual venture or transaction of either partner alone. We think that the plaintiff is entitled to recover in this action. See Parsons on Partnership, 284, 310, (3d ed.,) and note *m*.

From the facts of the case, no one was bound to know or believe that Denny & Redman were insolvent, or that they would do as they did. The money that they received from the sale of said hogs did not belong to them; it belonged to Clouch & Moyer, and was pledged to Johnson. Denny & Redman simply held it in trust; and no one would be required to even suspect that they would use it. For a similar act, E. P. Bancroft was sent to the penitentiary. (*State v. Bancroft*, 22 Kas. 170.)

The judgment of the court below will be affirmed.

All the Justices concurring.