## DONAHUE v. McCOSH.

70 733
e121 498

1. **Partnership:** DISSOLUTION AND SETTLEMENT: MISTAKE IN COMPUTA-
TION OF BALANCE: REMEDY. Where a partnership between plaintiff
and defendant was dissolved, and the partners agreed upon the value
of the several items of property owned by the firm, and the distribution
of the same, and that the difference was to be settled by cash or short
notes, and that difference was in favor of plaintiff, but, by a mistake in
computation, it was supposed to be in favor of defendant, and plaintiff
gave his check for such supposed difference, which, however, by some
accident, was never paid, *held* that plaintiff could, in an action at law,
recover the actual difference due him upon a correct computation accord-
ing to the terms of the settlement.

2. ———: ———: PAROL EVIDENCE AS TO INTENTION OF FIGURES. In
such case, plaintiff was permitted to testify, in relation to certain figures
which had been made between the parties, that there was nothing in
them intended to show the difference in value between the property
taken by him and that taken by the defendant. *Held* that the evidence
was properly admitted against the objection that the paper was the best
evidence, it not appearing that the paper would have shown what it was
intended for.

3. ———: ———: TERMS OF BINDING ON PARTIES. In such case, where
the parties had previously agreed how the values of the property
to be divided should be determined, and that course had been
pursued, and the property divided under the agreement, defendant
could not be allowed to set up the fact that the property transferred to
him did not amount to as much as he supposed it would.

4. ———: ———: MISTAKE: INTEREST ON BALANCE. In such case, while
defendant was entitled under the contract of settlement to give short
notes, without interest, for the difference, correctly computed, yet, since
he did not offer so to do, and more than a year had expired, *held* that
he ought to pay interest from the date of the settlement, and not merely
from the date of learning the mistake, since he was as much responsible
for the mistake as plaintiff was.

5. ———: ———: DEPRECIATION OF STOCK TAKEN BY ONE PARTNER:
AGREEMENT TO DIVIDE LOSS. Where in such settlement defendant
took certain corporation stock, and plaintiff agreed to pay defendant
thirteen-thirtieths of the accounts of the corporation which should prove
to be uncollectible, *held* that this agreement was limited to the accounts
which appeared on the books at the time, and did not include a note
taken later on five years' time,—especially when to include said note
would be inconsistent with the whole theory of the settlement.

6. **Practice on Appeal:** UNNECESSARY ABSTRACT: COSTS. Where
appellee filed an amended abstract setting out what is not properly a part
of the record, it was, on motion, stricken from the files and the cost
of printing the same taxed to appellee.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 21, 1886.

ACTION at law by a partner against his copartner to recover a balance of partnership account according to an agreement of settlement of partnership affairs. The defendant denied that anything was due the plaintiff, and pleaded a counterclaim. There was a trial to the court without a jury, and judgment was rendered in favor of the plaintiff for $21,-591.48. The defendant appeals.

*Hall & Huston* and *Newman & Blake,* for appellant.

*P. Henry Smyth & Son* and *Poor & Baldwin,* for appellee.

ADAMS, CH. J.—The plaintiff, Robert Donahue, and the defendant, McCosh, were, in June, 1883, engaged in wholesale and retail hardware business as partners, and owned the lot and store building where their hardware business was carried on. They also owned certain other real estate called " Pork-house Property." On the eighteenth of June, 1883, they entered upon a plan for the dissolution of the partnership and distribution of the assets. Donahue was to take the hardware stock and the store building. McCosh was to take the pork-house property. The hardware stock was to be taken at the inventory price, according to an inventory then being taken. The real estate was to be appraised by arbitrators, if they could not agree, and subsequently an arbitration was had, and the value determined in that way. As a part of the agreement, Donahue was to transfer to McCosh certain stock owned by him in what was called the " Hawkeye Manufacturing Company," and also certain stock owned by him in what was called the " Hawkeye Steel Barb Fence Company." The difference in value was to be settled by payment of cash or the giving of notes on short time.

1. PARTNERSHIP : dissolution and settlement: mistake in computation of balance : remedy.

Afterwards conveyances were executed in accordance with the agreement. Donahue received the hardware stock and store building, and McCosh the pork-house property, and Donahue transferred his stock to McCosh in the companies above mentioned. For some reason it was thought that the difference, to be settled by cash or short notes, was $2,175.28, and that that amount was to be paid by Donahue to McCosh. Donahue gave McCosh a check for that amount, but by some error in book-keeping it was so charged to McCosh that it operated as no payment at all. The parties, however, understood at the time that a complete settlement had been made and carried out. Afterwards, Donahue discovered, as he claims, that, according to the terms of settlement and value of property agreed upon, there was a balance due to him, instead of to McCosh, and that the balance amounted to $18,-626.76. The court below found that Donahue's claim ought to be sustained, and rendered judgment for that amount, with interest thereon, at six per cent, from the time when the settlement was made.

McCosh claims that the only settlement made was that which resulted in a balance found due to him of $2,175.28, and that, if that settlement is not to stand, no balance was agreed upon, and the plaintiff's remedy is in equity for a settlement, as if nothing had been done except by way of distribution of the assets as above pointed out.

How the balance of $2,175.28 was found as due from Donahue to McCosh no one now is able to give any reasonable explanation. But one thing is certain; the parties must have supposed that they had agreed upon the value of the firm property divided, and upon the value of the stock transferred by Donahue to McCosh. If they had thus agreed, such agreement, taken in connection with the transfers, constitutes, we think, the real settlement, and in such case it appears to us that the same could not be affected by any error of computation by reason of which a wrong balance was struck. The court below determined the questions of fact as to what values were agreed upon, and what the true settle-

ment was, and we think that its findings are not without support in the evidence.

The defendant complains of the admission of certain evidence. The plaintiff, while a witness upon the stand, testi-

2. ——: ——: fied in relation to certain figures which had been parol evidence as to made between the parties. He was then asked intention of figures. a question in these words: " Is there anything in these figures which was intended to show the difference in value between the property you got and the property defendant got?" The question was objected to as incompetent, irrelevant and immaterial, but the court overruled the objection, and the witness answered, " No, sir." The objection urged in argument is that the paper was the best evidence. But we are not able to say that the paper would have shown what it was intended for, or was not intended for. If the defendant claimed anything from the paper, it was his right to introduce it. We see no objection to the evidence admitted.

While the defendant, McCosh, was testifying in his own behalf, he was asked what he believed respecting the assets.

3. ——: ——: One question was in these words: " If Mr. terms of binding on parties. Donahue had, on that occasion, when preparing these figures, explained to you, and told you, or given you the information, that the personal assets of the firm were only $937, would you have accepted the result, and settled upon that basis?" This question was objected to, and the objection was sustained. The defendant's claim is that certain figures were shown him which he supposed represented the personal assets of the store, but which in reality included the real estate, and that if he had understood what they included he would never have settled upon such basis. But the parties had previously agreed how the figures should be ascertained or value determined, and that course had been pursued, and the property divided under the agreement. He can hardly now be allowed to set up the fact that the property transferred by him did not amount to as much as he supposed it would.

The defendant complains of the allowance of interest. His position is that, if any balance was due from him, it was his right, under the contract, to give short notes, and there was no agreement that the notes should bear interest. But a year had already expired, and no offer to give short notes had been made by the defendant. We think that, under the circumstances, the demand was to be considered a cash demand.

4. ——: ——: mistake: interest on balance.

But it is said that in no event should the claim bear interest from a date earlier than the discovery of the mistake, and demand by plaintiff. To this we think that it may be said that the defendant was as much responsible for the mistake as the plaintiff was. The defendant had neglected to pay what it was his duty to pay, and had the use of the money in the mean time. We think that there was no error in the allowance of interest.

The defendant assigns error upon the disallowance of his counter-claim. This counter-claim is based upon the alleged fact that the plaintiff was bound to make good, in part, a loss sustained by the Hawkeye Steel Barb Fence Company, by reason of the failure of the Hawkeye Manufacturing Company to pay a note due from it to the former company of about $50,000. In the settlement the defendant had received all the stock owned by the plaintiff in the fence company. In estimating the value of the stock, the note was regarded as an asset of the fence company, and estimated at par. He alleges that the note proved to be uncollectible in part, and that, under an agreement entered into, the plaintiff was bound to make good, in part, the loss which the defendant sustained as a holder of stock in the fence company. It is not to be denied that on the eighteenth of June the plaintiff agreed, in writing, to pay defendant thirteen-thirtieths of the accounts of the company which should prove to be uncollectible. But the accounts mentioned were those which appeared upon the books. The note in question was executed later, and was

given on five years' time. At the time the note was taken by the fence company, the maker, the Hawkeye Manufacturing Company, was solvent, in that its assets equaled its liabilities. An express estimate had been made of both, and plaintiff paid in money enough to make it solvent according to their estimate, and make the note worth par. It may be conceded that the Hawkeye Manufacturing Company afterwards became insolvent, but it afterwards sustained losses. We do not think that there is anything in the agreement referred to which was designed to impose upon the plaintiff the future risk incident to the conduct of the business of the Hawkeye Manufacturing company. The fact is, this five-year note, not being in existence at the time the agreement was made, could not have been contemplated; and the circumstances were such that it should not have been embraced in the agreement if it had been in existence. The defendant, at the time he received the plaintiff's stock in the fence company, received also the plaintiff's stock in the manufacturing company, and, in estimating the value of the stock received in the latter company, the note was treated as a liability, and the amount allowed by defendant for the stock was proportionally less. The whole theory of the settlement was inconsistent with the idea that plaintiff was to remain liable for any loss which might accrue to the defendant by reason of the non-payment of this note. In our opinion, the court did not err in ruling against the defendant upon the counter-claim.

We think that the judgment of the district court must be affirmed.

The appellee filed an additional abstract setting out, among other things, what is called the decision of the court below. 6. PRACTICE on appeal: unnecessary abstract: costs. It shows a somewhat detailed finding of facts, and the opinion of the court thereon. The appellant moves to strike out the same, and tax the cost of printing to the appellee. The paper, we think, was not properly a part of the record, and the appellant's motion, we think, must be sustained. AFFIRMED.