### BINNEY *v.* DELMAR.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. RELEASE—PROCURATION BY FRAUD—ACTION FOR DAMAGES—EVIDENCE.
   On a voluntary dissolution of a partnership between plaintiff and defendant, the latter assigned to plaintiff all of his interest in debts due the concern, in consideration of a general release. The books showed that, among others, two bills were due the firm, and defendant stated that the books showed the exact condition of the accounts of the firm. The fact was that defendant had collected the two bills, and converted the same to his own use, prior to the assignment, without the knowledge of plaintiff. *Held,* in an action to recover for the fraud, that judgment was properly rendered for plaintiff notwithstanding the release.

2. SAME—ACTION AT LAW—JURISDICTION OF DISTRICT COURT.
   The action in such case, being, not for an accounting between partners, but to recover damages for defendant's fraud and misrepresentation, is an action at law, and not in equity, so that the district court had jurisdiction of the case.

Appeal from second district court.

Action by Joseph W. Binney against Arthur W. Delmar. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*George Robinson,* for appellant. *John H. Stoutenburgh,* for respondent.

BOOKSTAVER, J. This action was brought to recover damages sustained by the plaintiff by reason of the fraud and misrepresentation of the defendant. From the return it appears that the parties had been copartners from the 1st of February, 1890, to the 7th of November, 1890; that on the last-named day they dissolved the copartnership by mutual consent, and the defendant, in consideration of $400 paid to him by plaintiff, and a general release executed to him at the same time, assigned to the latter all his interest in the business, assets, and credits of the firm, including, among others, two accounts, which on the books of the firm were charged against and appeared to be due from Davis & Co., of Portsmouth, Ohio, to the amount of $36.96, and from Maring, Hart & Co., of Munin, Ind., to the amount of $191.46. Plaintiff testified that he made an examination of his firm books, and from them it appeared there was due from these two firms, respectively, the amount before stated; that he never received these amounts, and only found out after the payment of the $400 and the execution of the release that these two sums had been collected by the defendant prior to the settlement, and had not been entered in the books. It also appears from the evidence that the defendant represented to the plaintiff before the settlement that he had received no accounts except two, which he disclosed, and which were not those above mentioned, and that the money he had received on these latter he had used to pay his own personal attorney. It further appears from the evidence that defendant stated at the time of the settlement that the books then showed the exact

condition of the accounts due the firm,—that is, that these two accounts of Davis & Co. and Maring, Hart & Co. were not paid,—and that *plaintiff relied* upon these representations. After it was discovered that these accounts had been paid, defendant acknowledged the fact, and promised to pay plaintiff when able to do so. In answer to a question by the court, defendant said he had collected these two claims many weeks before the dissolution. But he and his witness testified that he had told the plaintiff he had collected them before the settlement, and that they were included in the compromise or settlement. But the fact remains that the payments were not entered on the books at that or any other time. On these proofs the justice was not only justified, but was bound, to render judgment for the plaintiff.

No exceptions were taken to any ruling of the justice on the trial of the case as to the admission of evidence. At the close of plaintiff's case, defendant moved to dismiss the complaint on the ground that, it being an action between partners, the court had no jurisdiction to try it. The motion was denied, and defendant did not except. When the testimony was closed on both sides the defendant moved to dismiss the complaint on the ground that there was no proof of the representations; and, secondly, on the ground of the general release. As to the second of these grounds, the justice who tried the case rightly disposed of it when he said: "A general release may be attacked in any tribunal if its delivery was induced by fraud or deceit." This has been so frequently held that it is needless to cite authority upon the point. As to the first, he rightly decided it on the testimony before him.

On this appeal it is claimed that the court below had no jurisdiction to entertain the action, because it was one in equity between partners, and not an action at law, and that plaintiff can avail himself of it now, although he took no exception to the denial of his motion to dismiss on that ground in the court below. It is true that the question of jurisdiction can be raised at any stage of the case. But the action was commenced long after the dissolution of the copartnership relation between the parties, and after the defendant had ceased to have any interest in the firm property. It was not for an accounting between partners, but was brought to recover damages for the fraud and misrepresentation of the defendant in procuring the settlement between them. This court held in *Dart* v. *Walker*, 3 Daly, 136, that the rule that one partner cannot sue another at law has no application to an action for fraud or conspiracy between the parties to a joint adventure in the purchase of land, after they had severed their interests by conveying the land and dividing the proceeds. So, where a partnership was dissolved, the partners agreeing to make a distribution of their assets, giving to each in severalty certain notes and accounts, it was held that one partner might maintain an action at law to recover the amount of an account allotted to him and collected by a copartner. *Crosby* v. *Nichols*, 3 Bosw. 450. In the latter case it was not even clear that there had been an entire distribution and apportionment of all the assets. It was held sufficient if there had been a distribution and a holding in severalty of those sued for. If no matter of account is involved, and the money will not, when recovered, belong to the firm, there is no objection to an action at law between the partners. *Howard* v. *France*, 43 N. Y. 593; *Crater* v. *Bininger*, 45 N. Y. 545. In the case at bar, after the assignment was made, the firm, as a firm, had no existence, and had no interest in the accounts. They all belonged to the plaintiff. Besides, these two accounts had previously been collected by the defendant, and that fact concealed by him. He therefore contracted to sell to plaintiff what did not exist, but which he fraudulently concealed from him, and it is to recover for that concealment this action is brought. This involves no accounting, and whatever was recovered belonged to the plaintiff alone.

If we rightly apprehend the appellant's last point, he complains because the justice who tried the case awarded the plaintiff only one-half of the

amount of these two accounts, and because he assumed that one-half of these two debts belonged to the defendant when he collected them. As he was to be interested only in the profits of the copartnership, this may have been an unwarranted assumption on the part of the justice, but it certainly could not have injured the defendant. The judgment should therefore be affirmed, with costs.