W. H. ERRET, Appellant, v. ALEXANDER PRITCHARD, Appellee.

**Jurisdiction: NOT ACQUIRED BY APPEAL.** Where a Justice of the
1  Peace had no jurisdiction, the district court on appeal does
not acquire it.

**Jurisdiction of Justice: CONCEALMENT OF PARTNERSHIP FUNDS.** A
2  justice of the peace has jurisdiction of an action by one partner
against the other to recover one-half of a sum belonging to
the partnership but fraudulently concealed and not taken into
account in the settlement of their partnership affairs.

*Appeal from Shelby District Court.*—HON. W. R. GREEN,
Judge.

FRIDAY, OCTOBER 23, 1903.

THIS action was originally commenced before a justice of the peace. A petition was there filed stating, in substance, that in May, 1899, plaintiff and defendant entered into a co-partnership for the purpose of carrying on the business of dealing in live stock; that in December, 1899, a dissolution was agreed upon; and that a settlement and division of the property was had at that time. It is then alleged that during the existence of said partnership the sum of $90 in cash was drawn out of the business by defendant, and converted to his own use; that the facts in relation thereto were fraudulently concealed from plaintiff; and that in consequence thereof no settlement of such matter was had at the time the firm was dissolved. Judgment was prayed for in a sum equal to one-half the amount alleged to have been drawn out. To this petition the defendant demurred on the ground that it appeared on the face of the petition that the court had no jurisdiction of the subject-matter of the controversy. The demurrer was overrule, whereupon, the defendant refusing

to plead further, judgment was rendered in favor of plaintiff as prayed. The defendant appealed to the district court, and in that court filed an answer in two divisions; in the first alleging a full settlement of all· the partnership affairs; in the second, and by way of cross-petition, setting up the partnership, and alleging that no final settlement or accounting had ever been had, and praying for such and for judgment. Having thus answered, defendant filed a motion to transfer the cause to the equity docket. It is not so stated in the abstract, but it seems to be conceded in argument that the motion to transfer was resisted, and, pending the same, plaintiff filed a motion to strike the second division of the answer, for the reason that an equitable issue was raised thereby, which the justice could not have heard or determined. At this juncture the defendant filed his motion to dismiss, basing the same on the ground that the justice had no jurisdiction of the action, it appearing on the face of the petition that the same is brought by one partner against his co-partner, and is founded upon an unsettled partnership transaction, and fraud in connection therewith; that the relief demanded involves an accounting between such partners. This motion was sustained, and judgment was entered against plaintiff for costs. From such judgment, plaintiff appeals.—*Reversed.*

*Cullison & Robinson* for appellant.

*Byers & Lockwood* for appellee.

BISHOP, C. J.—It is conceded that the justice of the peace had no jurisdiction to entertain an action for an accounting or settlement of partnership affairs. This can

1. JURISDICTION: not acquired by appeal.

be done alone in a court having equitable jurisdiction. It is also conceded that the jurisdiction of the district court on appeal depends upon the jurisdiction of the court from which the appeal was taken.

If the justice had no jurisdiction, the appellate court acquires none by the appeal. *McMeans v. Cameron*, 51 Iowa, 691; *Hollen v. Davis*, 59 Iowa, 444. If, then, this action was one for the settlement of partnership accounts, neither the justice nor the district court had jurisdiction, and the motion to dismiss was properly sustained.

But we think the action was not such in character. In effect, the motion to dismiss makes admission of the truth of the matters alleged in the petition. We have 2. JURISDICTION then simply a case where, after a partnership
of justice:
concealment settlement, it is made to appear that one of
of partner-
ship funds. the partners, prior to the settlement, secretly and fraudulently appropriated to his own use a specific sum of money belonging to the partnership, and which should have been taken into account at the settlement, but was not. The action is not based on fraud. That is alleged only in explanation of the omission to take the sum of money in controversy into account at the settlement. The theory upon which plaintiff sues is that, having wrongfully withheld the specific sum of money from the settlement, the defendant is now liable as for a money judgment for one-half such sum. And with this view we concur. Here no settlement of partnership affairs is necessary in order to determine the right of plaintiff to recover, and hence there is no necessity for the intervention of a court of equity. Was the specific sum of money withheld, is the only question to be tried. Such question being answered in the affirmative, the right of plaintiff to a judgment for one-half such sum follows as a matter of course. It has frequently been held that an action at law may be maintained between former parties, notwithstanding the subject-matter of the action grew out of partnership transactions, providing that no general adjustment of partnership affairs was necessary to a determination of the merits of such action. Thus in *Donahue v. McCosh*, 70 Iowa, 733, the court entertained an action at law to

recover an amount claimed by one partner to be due from the other because of errors in computation made in the settlement of partnership affairs. In *Farwell v. Tyler*, 5 Iowa, 535, defendant was permitted to offset, as against a note given by him in settlement of partnership affairs, debts owing by the partnership, and which had been paid by him subsequent to the settlement. "Where a partnership has been dissolved, and the partners have accounted with each other as to everything, except one item, one partner may maintain an action at law against the other for his share of that item, because in such a case there are no equities to be adjusted, and no accounting is necessary, as would be the case had there been no settlement." 15 Ency. of Pleading & Practice, 1031; and see the cases there cited.

For the reasons above given, the motion to dismiss should have been overruled. The judgment is REVERSED.