[S. F. No. 2860.   Department Two.—January 29, 1904.]

MERTON S. PRICE, Administrator of Estate of C. Hinsberg, Deceased, Appellant, v. HERRMAN OLCOVICH, Respondent.

PARTNERSHIP—ADVANCES OF CAPITAL—INTEREST PAID BY AGREEMENT—SETTLEMENT—ACTION BY ADMINISTRATOR.—Though a partner is not entitled to interest on advances made to the firm in the absence of an agreement therefor, yet where all of the capital was advanced by one partner, and by voluntary consent, upon final settlement and division of profits, he was allowed and paid interest on part of the capital advanced, it appearing that the other partner had kept the books, and had full knowledge of all the facts, and was not imposed upon, his administrator cannot maintain an action to recover any part of the interest so allowed and paid as being undivided profits in the hands of the surviving partner.

ID.—CONSTRUCTION OF PARTNERSHIP AGREEMENT—"COMPENSATION FOR MONEYS ADVANCED"—"NET PROFITS"—ACTION UNDER MUTUAL MISTAKE.—Even if there was a mutual mistake as to the construction of the partnership agreement, as providing for "compensation for moneys advanced" before division of any "net profits," both parties had equal opportunities for discovering the mistake, and where there was no fraud or concealment, and their construction was

entertained and acted upon on final settlement by the voluntary deduction of interest on capital advanced before division of profits, the matter was thereby concluded, and equity will not correct such mistake.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellant.

The finding of an agreement to pay interest is not sustained by the evidence, and in the absence of such agreement no interest will be allowed for money advanced by the partner. (Civ. Code, sec. 2412, and note; *Griggs* v. *Clark*, 23 Cal. 427; *Tirrell* v. *Jones*, 39 Cal. 655; *Adams* v. *Lambard*, 80 Cal. 438; 17 Am. & Eng. Ency. of Law, p. 1227; Story on Partnership, sec. 24; Lindley on Partnership, sec. 786; 3 Kent's Commentaries, sec. 28.)

Charles P. Eells, for Respondent.

The payment of interest on the settlement was voluntary on the part of the deceased partner, and his administrator cannot recover it back, even if there was a mistake as to the legal effect of the original partnership agreement. (*Harralson* v. *Barrett*, 99 Cal. 611; *London etc. Bank* v. *Bandmann*, 120 Cal. 224;[1] *Belt* v. *Mehan*, 2 Cal. 159;[2] *Bullock* v. *Bemis*, 3 N. Y. Supp. 390; 20 N. Y. St. Rep. 836.)

McFARLAND, J.—It is averred in the complaint that about March, 1892, the defendant and plaintiff's intestate, C. Hinsberg, entered into a copartnership in the importing business in San Francisco, which continued until about the month of August, 1898, when it was dissolved by mutual consent; and that by the .terms of the copartnership the net profits were to be divided between the parties as stated in the complaint. It is further averred that during said time many shipments of merchandise were made by the firm and the profits divided between the partners; but that during the last

[1] 65 Am. St. Rep. 179.          [2] 56 Am. Dec. 329.

two years other shipments were made, the business connected
with them completed, and the proceeds received by defend-
ant, and that the profits thereof were not divided among the
partners, but are held by defendant. It is averred that Hins-
berg's share of these last shipments is $1,431.75, for which
sum plaintiff prayed judgment against defendant.

In his answer defendant denies any general partnership,
but avers that between the dates named Hinsberg and defend-
ant were jointly interested in a number of separate and inde-
pendent ventures in the business of shipments of goods in
pursuance of a certain written agreement set forth in the
answer; and he avers that all of the business was settled and
the profits divided before the death of Hinsberg, and that
the latter, before his death, received his share of the profits
of said ventures. The trial court found in accordance with
the detenuant's denials and averments, and rendered judg-
ment that plaintiff take nothing by this action and that de-
fendant recover his costs. From an order denying a new trial
plaintiff appeals.

The record does not present an exceedingly clear case, but
we see no good reason for reversing the order appealed from.
There was certainly evidence in support of the findings. The
respondent advanced all of the capital, which amounted to a
very large sum, by which the various joint ventures were
carried on; and the court, having found that the profits of all
the ventures had been divided between the partners, added
that by mutual agreement respondent ''was allowed and paid
interest on a portion of the capital supplied by him to the
firm.'' It is upon this latter part of the finding that appel-
lant mainly bases his claim for a new trial; his contention
resting on the general rule—not disputed by respondent—
that, in the absence of an agreement otherwise, a partner is
not entitled to interest on money advanced to the firm. But
it appears that Hinsberg always supposed that interest was
to be paid, and that on the settlement and final division of
the profits he paid such interest, and was pleased that re-
spondent had not required interest on the whole amount
which he had advanced. Having voluntarily done so, with
full knowledge of all the facts, his administrator cannot now
recover back the amount so voluntarily paid. There was no
mistake, or fraud, or concealment, and no inequitable ad-

CXLII. Cal.—4

vantage taken. The books of the partners had been entirely in charge of Hinsberg and kept by him. If it had been otherwise, the rule is, as held in *Belt* v. *Mehan*, 2 Cal. 159,[1] that "where in the settlement of a partnership, a mistake occurs, and both parties were ignorant, or had equal knowledge of, or equal opportunities of knowing the mistake, and there has been no fraud or concealment, equity will not correct the mistake." Indeed, it is not clear that the original written agreement is not, on its face, susceptible of the construction which the partners gave to it. That instrument commences with a reference to a past venture of the partners, and speaks of the "net profits" as arising "after" deducting certain money as respondent's "compensation for moneys advanced in this shipment"; and it would not be a strained construction to say that the "net profits" thereinafter mentioned meant the same kind of net profits as those mentioned in the first part of the instrument. However, that view having been entertained and acted upon by the partners, and the interest having been paid by Hinsberg as before stated, the whole matter was thereby concluded.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.