JOE POWER, Appellant, v. R. D. WOOD, Appellee.

**PARTNERSHIP: Dissolution and Settlement—Undiscovered Assets.** A
1  partner may recover his proportionate share of partnership assets
discovered subsequent to a dissolution and settlement, and collected
by a copartner.

**TRIAL: Calendars—Refusal to Transfer Equitable Issue.** It is error
2  to refuse a transfer to equity of an issue of reformation arising in
a law action.

**REFORMATION OF INSTRUMENTS: Instruments Reformable—Dis-
3  solution of Partnership.** A partnership settlement on dissolution may
be so reformed that it will show that it does not embrace partner-
ship assets discovered subsequent to the dissolution and then un-
known to the partners.

Headnote 1: 30 Cyc. p. 705. Headnote 2: 38 Cyc. p. 1291. **Headnote
3:** 34 Cyc. p. 926 (Anno.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 17, 1925.

ACTION to recover a proportionate share of partnership as-
sets which were not included in an agreement of dissolution and
settlement, and which were discovered afterward. A written
contract of dissolution was, by amendment to the plaintiff's peti-
tion, sought to be reformed, and a transfer of the equitable issue
was asked by the plaintiff. The cause was tried to the court,
and the plaintiff's petition was dismissed. The facts are stated
in the opinion.—*Reversed.*

*J. G. Mitchell,* for appellant.

*Jordan & Jordan,* for appellee.

FAVILLE, C. J.—I. Appellant and appellee were equal part-
ners in the business of selling a certain make of cream. separa-
tor. The partnership was formed in August, 1919, and con-
tinued until August 30, 1921. A bookkeeper
was employed, who appears to have had sole
charge of the keeping of the books and accounts
of the partnership. At or about the time of the
dissolution of the partnership, a so-called "trial balance" was
prepared by the bookkeeper, purporting to show in detail the
assets and liabilities of the company and the property on hand,
including the obligations and accounts due to the partnership.
Each of the parties accepted this trial balance, or statement, as
being correct, and made a settlement upon the basis shown
therein, and appellee took over the business and property of
the partnership, and at said time a written instrument was en-
tered into between said parties, as follows:

1. PARTNERSHIP:
dissolution and
settlement: un-
discovered as-
sets.

"Be it known that on this, the 30th day of August, 1921,
Mr. R. D. Wood, has purchased from Mr. Joe Power, of Des
Moines, Iowa, all rights and interests in the business known as
the Iowa Anker Holth Separator Company, of Des Moines, Iowa,
and herewith releases the said Joe Power from all obligations
incurred prior to this date by the Iowa Anker Holth Separator
Co., and further releases the said Joe Power from any obliga-
tions incurred in the agreement made with Mr. Frank Batta of
Chillicothe, Missouri, on August 15th, 1921."

The terms of this agreement were carried out between the
parties.

It was afterward discovered, about January following, that the bookkeeper of said firm, while employed by the firm prior to the dissolution, had embezzled the sum of $1,490.26 from the said firm, which amount was paid to appellee by the bookkeeper after the dissolution had been effected. This action is to recover one half of said amount.

There can be no question but that there was a mutual mistake of fact between the parties at the time of the settlement and dissolution of the partnership. Each of the parties in good faith believed that the trial balance and statement of assets and liabilities prepared by the bookkeeper was a full and accurate statement of the assets and liabilities of the firm. Neither party had any knowledge nor information whatever that at said time the bookkeeper had embezzled the funds of the firm. Acting in good faith, and in belief that the statement was a true statement of the assets and liabilities of the firm, the parties effectuated their settlement, and entered into the contract above set forth. The plaintiff instituted this action at law, to recover for one half of the amount that was paid to appellee by the defaulting bookkeeper after the dissolution. Later, appellant sought by an amendment to reform the said contract of dissolution, on the ground of mutual mistake of fact, and asked that the cause be transferred to equity for such reformation. By agreement of parties and order of court, the cause was tried to the court without the intervention of the jury, and the ruling on the motion to transfer was withheld until the final disposition of the case, at which time the motion was denied.

The court erred in not sustaining appellant's motion to transfer said cause to equity for trial of the issue of reformation of the contract. The pleading squarely raised the question of a 2. TRIAL: calendars: refusal to transfer equitable issue. mutual mistake of fact between the parties with regard to the subject-matter embraced in the contract of settlement. The issue tendered was clearly one of mutual mistake, and it was within the power of the court of equity to grant relief. The proposition involved is quite elemental. For a discussion of the question under somewhat analogous facts, see the recent case *In re Estate of Patterson*, 199 Iowa 362, and cases cited therein.

II. Not only should the trial court have transferred the

cause to equity for trial, but, the evidence in the case having been fully presented, the reformation sought should have been

**3. REFORMATION OF INSTRUMENTS: instruments reformable: dissolution of partnership.** granted. The evidence of mutual mistake of fact in relation to the subject-matter about which the parties were dealing, to wit, the total assets and liabilities of the partnership, was so clearly and indubitably established that the contract of settlement and dissolution should have been reformed as prayed by appellant.

III. Upon the undisputed facts as established by the record in this case, appellant was entitled to the relief demanded. By agreement of the parties, the evidence in the case was taken, and the entire matter, including the claim for reformation, submitted to the court for final determination, without the intervention of a jury, and we treat the case in the situation in which it comes to us. It is our conclusion that the written contract of settlement between the parties should have been reformed as prayed by appellant, on the ground of mutual mistake of fact; and that, upon the entire record, appellant was entitled to the relief demanded, to wit, a judgment against appellee for one half of the amount of the partnership assets which were paid to appellee by the defaulting bookkeeper, and which assets were unknown to either of said parties at the time of the settlement between them. Where there are outstanding assets of a firm unknown to either partner at the time of the dissolution of the firm, one partner may recover his proportionate share of said assets from the other partner who has received and collected the same after the dissolution.

As bearing on the question, see *Donahue v. McCosh,* 70 Iowa 733; *Erret v. Pritchard,* 121 Iowa 496; *In re Estate of Patterson,* supra; *Clouch v. Moyer,* 23 Kan. 404; *Cobb v. Cole,* 44 Minn. 278 (46 N. W. 364); *Binney v. Delmar,* 43 N. Y. 533 (17 N. Y. Supp. 524); *Farnsworth v. Whitney,* 74 Me. 370; *Crockett v. Burleson,* 60 W. Va. 252 (54 S. E. 341); *McAuley v. Cooley,* 45 Neb. 582.

The decree of the trial court is—*Reversed.*

EVANS, ALBERT, and MORLING, JJ., concur.