## Edward A. Dunn v. P. D. O'Mara.

1. REFORMATION—*Of Written Instrument in Equity.*—Where a court of equity is asked to reform a written instrument the chancellor will look beyond the question of whether the parties signing it knew and understood the exact words employed, to the true intention of the parties when they agreed upon the words, and if the instrument does not express the true intention it will be reformed, although there was no mistake in merely writing the words employed. And this rule will apply when the mistake consisted solely of an erroneous mathematical calculation.

Bill, to reform a contract. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded with directions. Opinion filed June 26, 1897.

ISAAC MILLER HAMILTON, attorney for appellant; PAYSON & KESSLER, of counsel.

Correction of mistakes in any transaction is a principal head of equity jurisdiction. Pool v. Docker, 92 Ill. 501.

The power to correct a mistake in a writing is as much within the scope of the jurisdiction of a court of equity as to correct any other mistake. Parol evidence may be resorted to for the purpose of proving what was the real contract made by the parties. The contract may then be reformed in accordance with the intention of the parties. Hunter v. Bilyeu, 30 Ill. 228; McLennan v. Johnston, 60 Ill. 306; Purvines v. Harrison, 151 Ill. 219; Way et al. v. Roth et al., 159 Ill. 162; Clearwater v. Kimler, 43 Ill. 272; Palmer v. Converse, 60 Ill. 313.

On full proof of a mistake, an equity arises in favor of the party affected by it, which the court is bound to protect. Mills et al. v. Lockwood, 42 Ill. 111.

A court of chancery will correct a written instrument when clearly made to appear that it was entered into and executed under mistake. McClosky v. McCormick, 44 Ill. 336; Snell v. Snell, 123 Ill. 403; Lindsey v. Davenport, 18 Ill. 375; Kuchenbeiser v. Beckert, 41 Ill. 172; Mills v. Lockwood, 42 Ill. 111.

While the rule in a court of law is, that the written instrument is better evidence of the intention of the parties than can be furnished by parol proof, and that the writing, therefore, in contemplation of law, contains the true agreement of the parties, a court of equity will if justice requires it, look beyond the writing and grant relief from the effect of a contract entered into or founded in mistake or induced by fraud. Schwass v. Hershey et al., 125 Ill. 653.

The instrument sought to be reformed must have been so written as not to state correctly the contract as entered into and understood by the contracting parties. Hamlon v. Sullivant, 11 Ill. App. 426.

A mistake of fact is a misapprehension, not as to a result, but as to a condition. 2 Pom. Eq. Jurs., 838; 20 Am. and Eng. En. Law, p. 714.

C. W. Raymond, Free P. Morris and F. L. Hooper, attorneys for appellee.

In order that a mistake may come within the cognizance

of a court of equity it must be shown to have been mutual or shared in by both parties. Sutherland v. Sutherland, 69 Ill. 481; 1 Story's Eq. Jur., Sec. 150; Fry on Spec. Per., Sec. 505; Bispham Prin. of Eq., Sec. 191; Emery v. Mohler, 69 Ill. 221; Hamlon v. Sullivant, 11 Brad. 423.

It must have been unintentional on the part of the parties. 15 Am. & Eng. Ency. of Law, bottom page 631 and cases cited.

The party complaining must have used ordinary diligence and acted at the earliest moment. Bonney v. Stoughton, 122 Ill. 543; 1 Story's Eq. 146.

The proof must be clear and convincing to make a contract different from what its words import and to add to it and vary it materially.

The strongest and most convincing evidence will be required before the common law rule will be postponed and the power of the court exercised. Hunter, Adm'r, v. Bilyeu, 30 Ill. 228; Shay v. Pettes, 35 Ill. 360; McDonald v. Starkey, 42 Ill. 442; Miner v. Hess, 47 Ill. 170; Chapman v. Hurd, 67 Ill. 234.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This was a bill in equity by appellant to reform a contract in writing whereby he agreed to pay to appellee $1,150 to excavate and construct a certain land drain or ditch. The theory of the bill was that a mutual mistake was made by the parties growing out of an erroneous computation of the cost of the work at the rate of 7½ cents per cubic yard.

The case was referred to the master in chancery for proofs and findings. The master found there was no mistake and the court sustained the finding and dismissed the bill.

A clear preponderance of the evidence shows that the price agreed upon for the construction of the ditch was 7½ cents per yard and that the whole number of cubic yards in it was 7,666.

In making the computation appellant and appellee erroneously found that the ditch would contain 15,333⅓ yards.

The cost of excavating that number of yards at the rate of 7½ cents per yard would be $1,150, and when the contract was drawn that amount was inserted as the contract price for construction. That a mistake was made, is quite clear, not in writing in the instrument the words " one thousand one hundred and fifty dollars," because both parties knew the contract contained those words at the time of signing; but the mistake consisted in the belief that 15,333⅓ cubic yards of dirt were to be removed when in truth there were only 7,666 yards to be removed.

It matters not that the parties knew they were signing a contract in which the price was fixed at $1,150. The question is not, did the parties know what words they used, but rather do the words used express the real intention of the parties ?

Where it is sought in equity to reform a written instrument the chancellor will look beyond the question of whether the parties signing it knew and understood the exact words employed to the true intentions of the parties when they agreed upon the words. If the instrument does not express the true intention, although there was no slip of the pen or mistake made in merely writing words, the instrument will be reformed. The mistake here consisted solely of an erroneous mathematical calculation, and authority for correcting it is abundant. Hunter v. Bilyeu, 30 Ill. 228; McClosky v. McCormick, 44 Ill. 336; Purvines v. Harrison, 151 Ill. 219.

The contention of appellee that the two ditches were to be constructed at the price of $1,450, and that separate written contracts were drawn at the request of appellant is not borne out by the proofs. The testimony of appellee on that point is unreasonable and unworthy of belief.

The decree will be reversed and the cause remanded with directions to grant the relief prayed for in the bill.