[Civil No. 1976.  Filed May 6, 1922.]

[206 Pac. 594.]

PETE CONDOS and PAUL CONDOS, Copartners, Doing Business Under the Name and Style of CONDOS BROS., Also Under the Name and Style of ARIZONA PRODUCT AND CONFECTIONERY COMPANY, Appellants, v. ALBERT ANDALFT, Appellee.

1. MASTER AND SERVANT — EVIDENCE HELD INSUFFICIENT TO SHOW PROFITS.—In an action on an employment contract for a bonus from the profits of defendant's business, plaintiff's testimony as to the estimated profits at the taking of an inventory *held* insufficient to show that a profit had been made, being purely an opinion.

2. EVIDENCE—MEMORANDUM-BOOK OF PLAINTIFF HELD ADMISSIBLE IN ACTION FOR BONUS UNDER EMPLOYMENT CONTRACT.—In an action on an employment contract for expenses and a bonus from the profits of defendant's business, a memorandum-book kept by plaintiff *held* admissible under Civil Code of 1913, paragraph 1756.

3. APPEAL AND ERROR—ERROR NOT LIKELY TO OCCUR ON RETRIAL NOT CONSIDERED.—Error not likely to occur on retrial need not be considered.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Judgment reversed and cause remanded for new trial.

Mr. F. H. Swensen and Messrs. Kibbey, Bennett, Gust & Smith, for Appellants.

Mr. B. E. Marks, for Appellee.

SHUTE, Superior Judge.—In this case the plaintiff (appellee here) brought an action in the superior court of Maricopa county against the defendants (appellants here) to enforce the terms of an alleged oral contract under and by virtue of the terms of which the plaintiff asserted that the defendants had agreed to pay the expenses of plaintiff going to, while at, and returning from the city of Los Angeles during the summer of 1919; and upon his return he should enter the business of defendants on a fixed salary, and in addition thereto was to receive a bonus of one-third of the profits of the business. The answer of the defendants consisted of a general denial.

The matter was tried by a jury who had submitted to it the issues as raised by the pleadings. The verdict of the jury was a general verdict finding for the plaintiff in a fixed sum. The defendants challenge the correctness of this verdict and appeal from the judgment of the court and the order overruling the motion for a new trial, and present four assignments of error, which we will consider in turn as they appear, except three and four which raise the same point and are therefore discussed together.

The first assignment of error goes to the sufficiency of the evidence to support the verdict.

In discussing this feature of the case it is well to call attention to the fact that the contract presented to the jury falls naturally into three separate and distinct propositions: First, the expenses of plaintiff on the road, while in Los Angeles, and returning from Los Angeles; second, wages while working for defendants; third, a so-called bonus claimed by the plaintiff based upon the profits of the business done by defendants.

The second of these propositions, namely, the wages mentioned therein, is not in issue here, as there was no dispute over it, and it was admitted that the wages were agreed to and were paid by the defendants to

the plaintiff in accordance with the terms of their contract. The verdict of the jury being general in its nature must have been therefore in settlement of the first and third propositions, namely, for the expenses incidental to the trip to California and for the bonus which the appellee alleges was due him under the agreement. Our decision on the third proposition makes it unnecessary to examine the first, as it appears to us that it is necessary to grant a new trial for the error hereinafter shown.

It was incumbent upon the plaintiff below to prove the contract as alleged. The only evidence in the record, so far as we are able to determine, which would in anywise tend to support the claim of the plaintiff that defendants had made a profit upon the business, consisted of the testimony of the plaintiff alone, who testified that at the taking of a certain inventory it was estimated that the profits were about $2,000. This was purely an opinion of the plaintiff in the case, and no other evidence was offered to support it. The witness presented at the trial testified that the taking of the inventory mentioned by the plaintiff was only for the purpose of determining the value of the inventory list, and could not have been used for the purpose of determining profit. There being no evidence in the record by which the jury could have found that a profit had been enjoyed in operating the business, a reversal must be had.

The second assignment of error goes to the admission of a memorandum-book over the objection of the defendants to the effect that the accuracy of the entries made and the charges made therein were not established. An examination of the authorities cited by counsel in their respective briefs, as well as an investigation of other cases, would leave a doubt in the mind of the court as to the correctness of this ruling were it not for the statute (paragraph 1756, Civ. Code; Rev. Stats. Ariz. 1913).

This question having been made the subject of legislative action, we are bound by the terms of the statute, and we can only examine the evidence in the light of this paragraph to ascertain whether or not it comes within the section. We think the evidence sufficiently complies with this statute to entitle the book complained of to be admitted in evidence.

Appellants' assignments of error 3 and 4 relate to the ignoring by the trial court of an outburst of applause in which one or more of the trial jurors participated by rising from their seats and clapping their hands in approval of a statement of the plaintiff while he was upon the witness-stand. Inasmuch as the matter must be retried for the error hereinbefore pointed out, and this assignment being upon a matter not likely to again occur, we do not deem it necessary to pass upon this assignment.

For the reasons herein mentioned, the case is reversed and remanded to the lower court for new trial.

ROSS, C. J., and FLANIGAN, J., concur.

McALISTER, J., did not sit in this case.