[Civil No. 2453.   Filed December 31, 1926.]

[251 Pac. 723.]

GEORGE C. CURTIS, Appellant, v. JOHN H. PETERSON, JANE DOE PETERSON and JOHN DOE MORSE, Appellees.

Mr. Stephen B. Rayburn, for Appellant.

Mr. James E. Nelson and Mr. Earl Anderson, for Appellees.

ROSS, J.—This is a possessory action brought by George C. Curtis against John H. Peterson and wife and John Doe Morse, the land involved being 160 acres of the unsurveyed public lands of the United States, but which is described as being, when surveyed, the SE. ¼ of section 20, township 1 north, range 8 east, Gila and Salt River base and meridian.

Morse filed a disclaimer.

The case was tried before the court without a jury, and the defendants had judgment. The plaintiff has appealed.

It appears that appellant on February 1, 1923, settled upon the NE. ¼ of said section 20 with the

intention of homesteading it when it should be surveyed. Later, on November 9, 1923, with the intention of enlarging his homestead to 320 acres, the land being of the character permitting it, he caused to be filed and recorded with the county recorder of Pinal county, the county in which such land is located, a "possessory rights" notice, as provided for in paragraph 4718, Civil Code of 1913, as amended by chapter 163, Session Laws of 1921. On November 10, 1923, he filed with the United States Land Office, at Phoenix, Arizona, a "settlement claim" for such quarter-section.

The "possessory rights" notice of appellee Peterson was filed and recorded November 13, 1923, and his "settlement claim," filed with the Land Office, bears date November 26, 1923.

Paragraph 4717, Civil Code, as amended by chapter 163, Session Laws of 1921, provides that qualified homesteaders and desert entrymen who comply with the public land laws of the United States, "shall be protected in the peaceable possession and quiet enjoyment" of such homestead or desert land, whether surveyed or unsurveyed.

Paragraph 4718, *supra,* requires the claimant to mark distinctly the boundaries of his claim, and, in a written notice accurately describing the land, to state whether it is intended as a homestead or desert entry, and the time when the location was made. This notice must be verified by the claimant's oath and recorded in the office of the county recorder wherein the claim is situated.

Whether appellant signified his intention of enlarging his original claim by monumenting the SE. ¼ of said section 20 and recording the notice thereof before Peterson actually settled thereon was a disputed question of fact.

On that issue the testimony of appellant and his witnesses was that he measured off and monumented the said quarter-section before appellee actually settled upon it; and the latter's testimony and that of his witnesses was that appellee's acts of settlement were prior. The learned trial judge resolved the question in favor of appellees, and, under our decisions, we must accept his determination of that question as binding.

We also agree with the trial court that the rights of the parties to the possession of the land are not governed or determined by the priority of the recording of the "possessory rights" notice or the filing of the "settlement claim," but by priority of settlement or actual possession. The statute (paragraph 4718, *supra*) provides for the recording of the "possessory rights" notice, but does not say when it shall be done. The law evidently contemplates that this shall be done within a reasonable time after the claimant settles upon the land.

Appellee's evidence was that he settled on the land October 10th; and, since the statute is silent as to when the notice should be recorded, it would not seem that a delay until November 13th in filing and recording such notice should be construed as unreasonable. The evidence in behalf of appellee also showed at the time of the trial his occupation and improvement of the claim had been continuous, and that his improvements were worth approximately $1,000, whereas the acts of the appellant consisted only of monumenting the land and plowing a furrow around it, together with filing the above notices.

The purpose of our statute was to protect in the peaceable enjoyment and possession of land the person who first possessed himself of it with the intention of thereafter acquiring title from the United States. Under the statute, the only question over

which we have jurisdiction is the one of the right of possession and, as above stated, the facts in that respect were found against the contention of the appellant.

Some question is made about the admission of evidence over the objection of the appellant. Whether such evidence was competent or not we think is immaterial, for the reason that the case was tried before the court, and, if it was incompetent, we will presume it was not considered by the court. *Wamble* v. *Evants,* 23 Ariz. 307, 203 Pac. 554; *Hoover* v. *Odle, ante,* p. 147, 250 Pac. 993.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.