[Civil No. 2846. Filed February 24, 1930.]

[285 Pac. 271.]

BESSIE COOPER, as Administratrix of the Estate of MAGGIE WILLIAMS, Deceased, Appellant, v. D. M. FRANCIS, Appellee.

Mr. L. C. McNabb, for Appellant.

Messrs. Stockton & Perry and Mr. Thomas P. Riordan, for Appellee.

ROSS, J.—This is an appeal by Bessie Cooper as administratrix of Maggie Williams, deceased, from a decree reforming a realty mortgage.

On October 12th, 1922, appellee, Francis, by written contract, agreed to sell and convey to the deceased eighty acres of land, situate about seven miles north of Phoenix, for the sum of $14,000, to be paid as follows: $1,500 in cash, $1,000 November 1st, 1923, $1,000 November 1st, 1924, $1,500 November 1st, 1925, $1,500 November 1st, 1926, $1,000 November 1st, 1927, and the balance of $7,300 November 1st, 1928, interest at eight per cent per annum, payable semi-annually.

On October 16th, 1926, the parties agreed as follows: That Francis deed the property to Maggie Williams, who in turn would borrow from the Federal Loan Bank, of Berkeley, California, $8,000, to be secured by a first mortgage which, together with payments theretofore made to Francis, would be applied as a credit upon the purchase price and any balance still owing to be evidenced by notes of Williams secured by second mortgage on premises. This agreement was fully carried out in form. The balance due was computed to be $2,180.25, for which deceased gave her three notes for $726.75 each, bearing interest at eight per cent per annum, payable as follows: One April 16th, 1927, one October 16th, 1927, and one April 16th, 1928—and executed a mortgage on premises to secure their payment.

In his complaint for reformation of the mortgage, Francis alleges that the correct balance due him on October 16th, 1926, was in fact $4,617.82; that the

mistake in computing it at $2,180.25 was mutual and occurred through the errors and miscalculations of the person upon whom they had mutually relied to determine the correct balance due from Maggie Williams to him.

General and special demurrers were interposed to the complaint, and the latter aver that the person selected by the plaintiff and defendant's intestate as alleged in complaint made his calculations in their presence, and that no sufficient excuse is shown for not correcting the miscalculation at that time; that plaintiff was unreasonably negligent and not entitled to the aid of equity to correct such mistake. Defendant also answered by allegations of payments and by general and special denials. James Williams, the surviving husband of Maggie Williams, was made a party defendant, but is not a party to this appeal.

The demurrers were overruled, and the trial was before the court without a jury. The court found from the evidence that the allegations of miscalculation and mistake were proven, and decreed that the mortgage be reformed to conform with the truth and for its foreclosure as reformed.

Defendant assigns as error the overruling of her special demurrer to the complaint. She insists that equity will not relieve one from his own negligence, and that, where the statement of the cause of action discloses negligence, the complaint is bad. This statement often occurs in the books, but whether it is correct or not depends upon the particular circumstances. The learned author in 2 Pomeroy's Equity Jurisprudence, third edition, section 856, says that the above, although often stated as the rule, is not correct, and makes the following deduction from the cases:

"The conclusion from the best authorities seems to be, that the neglect must amount to the violation of a positive legal duty. The highest possible care is

not demanded. Even a clearly established negligence may not of itself be a sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby."

The mistake here asked to be corrected is, according to the complaint, mutual. The person who undertook to ascertain the correct balance due Francis on October 16th, 1926, after crediting all payments, did so at the joint request of the parties. He was acting for both, and, if he made a mistake, it was the mistake of both. In relying upon his figures, neither violated a positive duty owed to the other. It was not the mistake of the scrivener, for the amount stated as the correct balance was properly written into the mortgage. The mistake was not in the writing, and was not discoverable by reading the instrument; it consisted in the blind faith reposed in the ability and integrity of the person they relied upon for a correct calculation. The complaint showing such a situation, no rule of equity with which we are familiar would refuse a reformation of the instrument to make it speak what was intended by both the parties.

In a note to *Dolvin* v. *American Harrow Co.* (125 Ga. 699, 54 S. E. 706), 28 L. R. A. (N. S.) 785, reading at 823, it is said:

. "Where a mortgage is drawn and executed which is intended to carry into execution a previous agreement, but which, by mistake of the parties or the draftsman, either as to law or fact, does not fulfill that intention, or violates it, equity will correct the mistake so as to conform to the intentions of the parties."

See, also, *Wolz* v. *Venard,* 253 Mo. 67, 161 S. W. 760; *Welch* v. *Johnson,* 93 Or. 591, 183 Pac. 776, 184 Pac. 280; *Patterson* v. *Patterson,* 199 Iowa 362, 202 N. W. 8; *Power* v. *Wood,* 200 Iowa 979, 41 A. L. R. 1452, 205 N. W. 784; *Groom* v. *Wray,* 154 Iowa 734,

135 N. W. 418; *Cox* v. *Hall,* 54 Mont. 154, 168 Pac. 519; *Dunn* v. *O'Mara,* 70 Ill. App. 609; *Northwestern Nat. Ins. Co.* v. *Chambers,* 24 Ariz. 86, 206 Pac. 1081.

The demurrer was properly overruled.

Assignments 2, 3, 4 and 6 complain of the admission of evidence and of the findings based thereon. To present these assignments in their correct setting, it is necessary that a statement be made of some of the facts. The land sold to Maggie Williams in fact belonged to Campbell-Francis Company, a copartnership. Francis as surviving partner attended to its sale and executed all papers in his individual name. The record of the sale and payments thereon was kept in the books of the copartnership. It is the introduction of these books as evidence of which greatest complaint is made. It should be stated that the contract of sale dated October 12th, 1922, was made out and executed in duplicate, one copy of which was given to the buyer and one to the seller. It is undisputed that the balance used as a basis of adjusting the transaction of October 16th, 1926, was arrived at from the memorandum of credits indorsed on her contract by Maggie Williams. Upon an audit of the books of Campbell-Francis Company in March, 1927, the mistake charged was discovered, whereupon Francis and one Duerson, bookkeeper for the copartnership, went to Maggie Williams' home, told her of the error, and asked to see her memorandum of credits as indorsed on her copy of the contract. She claimed her attorney had her copy of the contract and sent them to him. When they asked the attorney to see such copy, he insisted he had returned it to Maggie Williams, his client. She denied having it. In this situation the plaintiff was permitted to introduce a copy of the memorandum of credits as kept by Maggie Williams; such copy being proved by the person who actually made it. This was supplemented by the testimony of two book-

keepers of the Campbell-Francis Company; such testimony being to the effect that payments on account made by Maggie Williams were first entered upon the ledger from the bank deposit slips. These witnesses were then permitted, without objection, to go ahead and state in detail just the number and amounts of bank deposit slips. When the ledger, which reflected the same things as did the deposit slips, was offered, it was objected to on the general ground of irrelevancy, incompetency and immateriality, and specifically that it "tends to impeach or to vary the terms of a written contract." The objection was not that no proper foundation had been laid for the introduction of books of account of Campbell-Francis Company. If such an objection had been made, the ruling no doubt would have been different. Our paragraph 1756, Civil Code of 1913 (section 4463, Revised Code of 1928), was taken from Minnesota. In *Union Central Life Ins. Co.* v. *Prigge,* 90 Minn. 370, 96 N. W. 917, 918, it was said:

"It is well settled in this jurisdiction that under the provisions of section 5738, *supra* [Gen. St. 1894], a party to a cause may produce at the trial his account books, and upon laying the foundation therein provided for, may introduce the books in evidence, and they then become *prima facie* evidence as against third parties of the charges therein contained."

See, also, *Condos* v. *Andalft,* 24 Ariz. 38, 206 Pac. 594.

Error cannot be predicated upon the admission of evidence when the admission was without objection, nor if the admission is over objection can error be predicated on grounds other than those urged in the objections. *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816. If the offered evidence was not objectionable upon the grounds urged, its admission, although for other reasons improper, cannot be made the basis of error on appeal. In the settlement of October 16th, 1926,

the memorandum of credits indorsed on her copy of the contract of sale by Maggie Williams was available, and was used as the basis of settlement, but, upon the trial, for the reasons stated above, this memorandum was not available, and could not be had. The books of account of Campbell-Francis Company contained the only other record that had been kept, and their relevancy and materiality under the circumstances is certainly apparent, as is also their competency under the above statute, and that they tend to vary or impeach the written contract does not make them inadmissible, for the very purpose of the action is to correct a mistake in the contract.

This is not a jury case. The learned judge did not sustain many of the objections to evidence, stating he wanted to hear everything bearing upon the questions involved. This attitude of the court is assigned as error. It may be some of the evidence heard was inadmissible and improper, but there was much having a direct bearing upon the issues and strongly tending to sustain the allegations of the complaint. When a case is tried to the court with-out a jury, and there is submitted evidence some of which is competent and some incompetent, and there is sufficient of the former kind to sustain the judgment, it will be assumed on review that the court disregarded the incompetent evidence in arriving at a conclusion, and that its admission was harmless. This is the rule here and we believe generally. *Nichols* v. *McClure,* 23 Ariz. 27, 201 Pac. 95; *Wamble* v. *Evants,* 23 Ariz. 307, 203 Pac. 554; *In re Citizens' Bank & Trust Co.,* 31 Ariz. 478, 254 Pac. 485; *Curtis* v. *Peterson,* 31 Ariz. 235, 251 Pac. 723; *First Baptist Church* v. *Connor,* 30 Ariz. 234, 245 Pac. 932; 26 R. C. L. 1085, § 91.

Finally, it is urged that upon the court's findings the judgment should have been for defendants. The

findings were that the parties intended the mortgage to include the balance due under the contract after the application of the federal loan and all payments that had been made; that both knew the contents of the mortgage and the amount stated therein; that, by reason of errors in calculation, the mortgage did not reflect the correct amount due; and that plaintiff, by the exercise of reasonable care, could have discovered the correct amount before mortgage was executed. All these facts are set forth in the complaint or are implied from its allegations. We have seen the complaint states a good cause of action for the reformation of the mortgage. For the same reason the findings will support the judgment.

The mortgage before its reformation secured three notes of $726.75 each, payable at intervals, the last falling due April 16th, 1928. As reformed, the $2,437.57 omitted was made due and payable on April 16th, 1928. It occurs to us that possibly this sum should be apportioned and made payable at intervals corresponding with those fixed by the parties for the payment of the sum originally named in the mortgage.

. The cause is therefore remanded, with directions that, if defendant desires such an arrangement and will so indicate within ten days after the case is remitted to the lower court, the judgment should be modified accordingly; otherwise to stand as entered. It is also ordered that the plaintiff have his costs.

LOCKWOOD, C. J., and McALISTER, J., concur.