[Civil No. 4008.   Filed September 26, 1938.]

[82 Pac. (2d) 897.]

CIPRIANO ORTIZ, Appellant, v. HOWELL MANNING, Appellee.

Mr. Joseph H. Shifman and Messrs. Krucker & Fowler, for Appellant.

Messrs. Conner & Jones, for Appellee.

LOCKWOOD, J.—Howell Manning, hereinafter called plaintiff, brought suit in ejectment, to recover possession of the east half of section 3, township 19 south, range 10 east, G. & S. R. B. & M., against Cipriano Ortiz, hereinafter called defendant. The case was heard upon a stipulation as to the facts, which may be summarized as follows:

On the 11th day of November, 1934, the property above described was open, unoccupied land, belonging to the United States of America. On that date defendant entered upon the premises and placed substantial improvements thereon. Thereafter, and on March 19, 1937, the United States of America, as lessor, entered into a written lease with plaintiff, leasing to him said lands for the term of one year. This lease contained, among other things, the following provisions:

"That this lease is granted subject to valid existing rights and to all rules and regulations which the Secretary of the Interior has prescribed."

Thereafter, and on June 12, 1937, defendant made homestead entry No. 3214097 in the United States Land Office, at Phoenix, of the lands in question. Plaintiff contested the entry, and the Land Office rejected it, and defendant was about to appeal from said decision to the Commissioner of the General Land Office.

The question before us, on this state of the record, is who was entitled to the possession of the premises. Admittedly defendant may not claim possession by virtue of sections 2779 and 2780, Revised Code 1928, since it does not appear that he ever complied with the provisions of those sections which are a prerequisite to his defending successfully thereunder. *Curtis* v. *Peterson,* 31 Ariz. 235, 251 Pac. 723; *Moore* v. *Moody,* 19 Ariz. 553, 173 Pac. 880. Nor, indeed, does he contend that these sections give him a defense. It is his position that by virtue of the reservation in the lease above quoted, he had acquired a valid, existing right to the premises at the time the lease was executed, and that so long as his appeal to the Land Department was pending, he had the right to possession thereof.

While settlers who have made valuable improvements on public lands, with a view of purchasing or acquiring the same under the land law, have a possessory right therein as against the general public, a mere settlement on or occupancy of those lands confers no rights upon such settlers as against the government or persons claiming by reason of a legal title issued by the United States government. 50 C. J. 925–927 and notes. A lease from the government undoubtedly is a legal title. The question then is whether defendant had a "valid, existing right" in the property at the time the lease was issued. He had at that time made no application for an entry of the land under any of the land laws of the United States. As we have seen, while his actual occupancy of the land did give him a right thereto as against trespassers, it did not give him any right as against the United States or its lessees. Had defendant made his homestead entry before the lease was issued by the United States, a very different situation would have arisen. The two cases of *Re Ebert,* 14 Land

Dec. 589, and *Re Carmon,* 7 Land Dec. 334, referred to by both parties in their briefs, point out the true rule very clearly. In the first case, Ebert made a homestead entry while the land was open for entry. Thereafter the government attempted to set it aside for other purposes, and it was held that since a valid entry had already been made, the land was segregated from the mass of the public domain, and the rule of law announced in *Wilcox* v. *Jackson ex dem. M'Connell,* 13 Pet. (U. S.) 498, 10 L. Ed. 264, that when a tract of land is once legally appropriated to any purpose, from that moment it becomes severed from the mass of the public land, and no subsequent disposition thereof will be considered to embrace it, applied. On the other hand, in the Carmon case, the attempted entry was made upon land which had already been segregated from the public domain, and it was held that no settlement, or even a homestead or preemption entry, was valid as against such previous segregation, though the government did, under a special act, pay the settlers who had entered the land in good faith the value of their improvements thereon.

Had defendant made his entry before the lease in question was issued by the United States, his act would have segregated the land from the public domain, and he would have had a valid, subsisting right thereto until such time as his entry was finally cancelled by the government, and the right of possession would have followed. When, however, the United States issued the lease to plaintiff, that lease became a segregation of the land in favor of plaintiff, and defendant's subsequent entry conferred no rights upon him. We think the judgment of the superior court was correct.

It is urged on behalf of defendant that the question has become moot, as plaintiff's lease has

since lapsed. It appears, however, that the judgment is a basis for an action for the rental value of the premises accruing after judgment and before delivery of possession of the premises. Section 4367, Rev. Code 1928. We think, therefore, we should affirm the decision of the lower court rather than dismiss the appeal as being a moot question.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.